IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRELL HORACE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:23-cv-1424-D-BN |
| | § | |
| KANTRELLE LYLES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This lawsuit brought under 42 U.S.C. § 1983 for alleged violations of the Constitution by Defendant City of Richardson and two of its police officers, Defendants Brian Ray and Kantrelle Lyles, concerns the death of Cornelius Allen Lee Boone while he was in custody at the City's jail. *See* Dkt. No. 1.

All three Defendants answered, *see* Dkt. Nos. 4-6, and both Ray and Lyles assert an entitlement to qualified immunity, *see* Dkt. No. 4 at 14-15 & Dkt. No. 5 at 14-15. Related to these assertions, in the parties' joint scheduling proposal, Ray and Lyles represented that they filed a letter objecting to the requirement that they make initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) until their entitlement to qualified immunity is resolved. *See* Dkt. No. 10, ¶ 3(a) & Dkt. No. 17.

Under 28 U.S.C. § 636(b)(1)(A), Senior United States District Judge Sidney A. Fitzwater referred to the undersigned United States magistrate judge for determination: (1) Ray and Lyles's objection; (2) what disclosures – if any – are to be made; and (3) a time for disclosure. *See* Dkt. No. 15.

After considering the parties' court-ordered briefing as to the matters referred

by Judge Fitzwater, *see* Dkt. Nos. 16, 18, & 19, the Court SUSTAINS Ray and Lyles's objection and ORDERS that they need not make any disclosures unless and until the Court finds that Plaintiffs have met their burden to overcome the qualified immunity defense at the pleading stage.

## Legal Standards

"Because qualified immunity is an *immunity from suit*, not merely a defense to liability, 'it is effectively lost if a case is erroneously permitted to go to trial.'" *Ramirez v. Guadarrama*, 3 F.4th 129, 134 (5th Cir. 2021) (per curiam) (emphasis in original; quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

So "a defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Ramirez*, 3 F.4th at 133); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").

And the established procedure under which courts must address qualified immunity, once asserted, "prevents a defendant entitled to immunity from being compelled to bear the costs of discovery and other pre-trial burdens." *Ramirez*, 3 F.4th at 134 (citations omitted); *see also Carswell*, 54 F.4th at 310 ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); citation omitted)).

Consequently, all discovery is typically stayed pending a ruling on a

defendant's entitlement to qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014); *Backe*, 691 F.3d 645; *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam).

But, where a defendant asserts qualified immunity – and the Court is not currently considering a motion to dismiss the complaint (or or any portion of it) on that basis, *see Carswell*, 54 F.4th at 311-12 – the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover only facts that the Court needs to rule on the defendant's entitlement to qualified immunity, *see Wicks*, 41 F.3d at 994.

That is, the United States Court of Appeals for the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648.

And courts in this circuit have followed this "careful procedure" to determine whether to require initial disclosures by defendants who have asserted an entitlement to qualified immunity. *See, e.g., Burkett v. Kenner Police Dep't*, No. Civ. A. 02-1858, 2003 WL 1340294, at *1 (E.D. La. Mar. 17, 2003) (allowing the exchange of initial disclosures targeted at identifying officers involved in incident at issue after finding that plaintiff's Rule 7(a) reply met the heightened pleading requirement).

**Analysis**

*Carswell* instructed district courts in this circuit that, "[w]here public officials

assert qualified immunity in a motion to dismiss, [they] must rule on the motion" and "may not permit discovery against the immunity-asserting defendants before [ruling] on their defense." *Carswell*, 54 F.4th at 311 (citing *Backe*, 691 F.3d at 648).

Effectively, the same holds true where no motion to dismiss is filed and the Court adheres to the Fifth Circuit's "careful procedure" to authorize discovery against a QI-asserting defendant.

First, the "careful procedure" is not triggered where the assertion of qualified immunity turns "purely on a question of law" or where "the facts upon which" it turns are "not disputed by the parties." *Wicks*, 41 F.3d at 994 n.9 (citations omitted).

And, even where the "careful procedure" may be available, it prevents discovery unless and until the Court "explicitly" holds that the plaintiff's pleadings, "taken as true, overc[o]me the qualified immunity defense." *Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) (citing *Zapata*, 750 F.3d at 485 n.2); *see also Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 481 (5th Cir. 2021) ("[A] plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense. It is not enough broadly to seek information that might impeach the defendants' version of events." (citing *Zapata*, 750 F.3d at 481)).

So, to move past the first step of the "careful procedure," the finding required from the Court is, effectively, that a plaintiff's pleadings would survive a motion to dismiss based on qualified immunity. *See Zanitz*, 602 F. App'x at 163 n.8.

The Court sets this out initially because Ray and Lyles have moved the Court to compel Plaintiffs to file a reply to their answers under Federal Rule of Civil

Procedure 7(a)(7), *see* Dkt. Nos. 11 & 12, and, in their court-ordered briefing on initial disclosures, they assert, consistent with their motions to compel, that Plaintiffs have so far failed to make allegations that, if true, overcome QI, *see* Dkt. No. 18.

Judge Fitzwater has previously explained the purpose of a Rule 7(a) reply:

> When a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff. Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, when a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail pursuant to Rule 7(a). The reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury. The case should not be allowed to proceed unless plaintiffs can assert specific facts that, if true, would overcome the defense.

*Fisher v. Dall. Cnty.*, 299 F.R.D. 527, 532 (N.D. Tex. 2014) (cleaned up).

Whether the Court should compel Plaintiffs to file a Rule 7(a) reply has not been referred to the undersigned. But, as the language from *Fisher* demonstrates, a Rule 7(a) reply is a pleading through which a plaintiff may carry the burden to show the Court that the allegations, taken as true, overcome the qualified immunity defense, such that the first hurdle to obtaining discovery against QI-asserting defendants can be overcome. *See, e.g., Rusanowsky v. City of Dall.*, No. 3:22-cv-1132-K, 2023 WL 1870074, at *3-*5 (N.D. Tex. Feb. 9, 2023).

And, even if Plaintiffs have, through their complaint alone, asserted specific facts that, if true, would overcome QI, such that a Rule 7(a) reply is not needed, the Court does not find persuasive Plaintiffs' argument that, "[b]ecause there are no

pending motions to dismiss and limited discovery will assist the Court in making the determination concerning qualified immunity," "the Court should order limited discovery." Dkt. No. 19 at 4.

This suggestion does not comply with the Fifth Circuit's "careful procedure" because the Court has yet to "explicitly hold that [Plaintiffs'] pleadings, taken as true, overc[o]me the qualified immunity defense." *Zanitz*, 602 F. App'x at 163.

And, if or when the Court makes this explicit finding, before authorizing discovery, "the Court [still] must 'identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity.'" *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 321967, at *2 (N.D. Tex. Feb. 1, 2021) (quoting *Zapata*, 750 F.3d at 485; citing *Zanitz*, 602 F. App'x at 163).

"Only after a plaintiff passes through these two gates will the Court examine the specific discovery requests proposed to determine if any are narrowly tailored." *Rusanowsky*, 2023 WL 1870074, at *3 (citing *Webb*, 618 F. App'x at 209-11; *Carswell*, 54 F.4th at 311).

In sum, then, because the Court has yet to explicitly find that Plaintiffs have met their "burden to overcome the qualified immunity defense at the pleading stage," the Court may not allow "even 'minimally intrusive discovery'" against the QI-asserting defendants, Ray and Lyles. *Carswell*, 54 F.4th at 313 (explaining that, in *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009), "the [United States Supreme] Court ruled out even 'minimally intrusive discovery' against official defendants before a

ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage" (quoting *Iqbal*, 556 U.S. at 686)).

## Conclusion

The Court SUSTAINS Defendants Brian Ray and Kantrelle Lyles's objection to the requirement that they make initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) until their entitlement to qualified immunity is resolved and ORDERS that they need not make any disclosures unless and until the Court finds that Plaintiffs have met their burden to overcome the qualified immunity defense at the pleading stage.

SO ORDERED.

DATED: October 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE