IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRELL HORACE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Civil Action No. 3:23-CV-1424-D |
| § | |
| KANTRELLE LYLES, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Terrell Horace, individually and as representative of and on behalf of the estate of Cornelius Allen Lee Boone ("Boone"), and Frankie Bibles[1] (collectively, "Horace"), filed this 42 U.S.C. § 1983 action against police officer Kantrelle Lyles ("Officer Lyles"), Sergeant Brian Ray ("Sgt. Ray"), and the City of Richardson, Texas (the "City"). Horace alleges that Officer Lyles and Sgt. Ray violated Boone's Fourteenth Amendment rights[2] during a traffic stop and while he was in jail, and that the City is liable because it failed to properly train and supervise them. In their answers, Officer Lyles and Sgt. Ray plead the affirmative defense of qualified immunity. Each now moves to compel Horace to file a Fed. R. Civ. P. 7(a) reply, and, at this stage of the case, to stay discovery, i.e., limit discovery to the issue of qualified immunity. Horace opposes the motions. For the reasons that follow,

---

[1] Bibles is alleged to be Boone's mother.

[2] Horace's complaint twice alleges that Officer Lyles and Sgt. Ray also violated Boone's Fourth Amendment rights, but no cause of action alleges a Fourth Amendment violation.

the court grants both motions to order a Rule 7(a) reply and stay or limit discovery.

I

Horace alleges that Officer Lyles and Sgt. Ray violated Boone's Fourteenth Amendment rights during a traffic stop on February 9, 2022, which Officer Lyles initiated. Officer Lyles suspected that Boone had ingested narcotics because he did not pull over immediately and was chewing when Officer Lyles approached the vehicle. Officer Lyles asked Boone repeatedly to identify what he was chewing. Boone responded that he was chewing gum, but later confessed that he had eaten some marijuana. There remained some uncertainty about whether Boone had also ingested crack cocaine. Officer Lyles arrested Boone and placed him in his patrol car.

After Sgt. Ray arrived at the scene, he also asked Boone to identify what he was chewing. Sgt. Ray told Officer Lyles that Boone "probably just ate some weed" based on his observations of Boone's mouth, and Sgt. Ray departed. Officer Lyles transported Boone to jail where he was placed alone in a cell. Boone was found roughly five hours later experiencing seizure-like symptoms. According to EMS records, Boone did not have a pulse when paramedics arrived and he was later pronounced dead. The autopsy concluded that Boone died from the toxic effects of cocaine, morphine, and tetrahydrocannabinol

Officer Lyles and Sgt. Ray move to compel Horace to file a Rule 7(a) reply that specifies why they are not entitled to qualified immunity for their alleged actions. Horace opposes the motions, contending that his complaint is sufficient as is. Officer Lyles and Sgt. Ray also move to stay discovery, i.e., limit discovery to the issue of qualified immunity.

II

When a public official pleads the affirmative defense of qualified immunity, the case against the official should not proceed unless the plaintiff pleads specific facts that, if true, would defeat the qualified immunity defense. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc). The en banc Fifth Circuit in *Schultea* adopted the use of the Rule 7(a) reply instead of the heightened pleading requirement found in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). *See Schultea*, 47 F.3d at 1433.

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Id.* Here, Horace must allege facts with sufficient precision and specificity to "raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 641 (N.D. Tex. 2007) (Lynn, J.) (quoting *Schultea*, 47 F.3d at 1434). "Vindicating the immunity doctrine will ordinarily require [a Rule 7(a) reply], and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434.

III

The court concludes that greater detail might assist in determining whether Officer Lyles and Sgt. Ray are entitled to qualified immunity.

Horace's complaint anticipates that Officer Lyles and Sgt. Ray will raise a qualified

immunity defense, but pleads only legal conclusions. The complaint alleges that "qualified immunity is not available to the officers in this case because their conduct violated the [Fourth] and [Fourteenth] Amendments . . . , and those constitutional rights violated were clearly established at the time of the incident." P. Compl. (ECF No. 1) at ¶ 5.4. Horace must plead facts that plausibly show that Officer Lyles' and Sgt. Ray's actions were objectively unreasonable in light of clearly established law at the time of the incident.

To determine whether a right was clearly established, the court inquires "whether a reasonable officer could have believed [his or her conduct] to be lawful, in light of clearly established law and the information the . . . officers possessed." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). While Horace need not identify a case directly on point, "existing precedent" must "place[] the statutory or constitutional question *beyond debate*." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741) (2011)). The existing precedent must also "define[] the contours of the right in question with a high degree of particularity." *Id.* at 371-72.

Horace's complaint lists some vague examples of arrestees ingesting narcotics, failing to receive medical attention, and dying by overdose in police custody, but he does not cite a specific case law that would have put Officer Lyles or Sgt. Ray on notice that his conduct was unconstitutional. And Horace does not plead facts that indicate how Officer Lyles and Sgt. Ray violated Boone's Fourth Amendment rights. The court concludes that greater detail would assist the qualified immunity analysis.

Accordingly, under the authority granted in *Schultea*, 47 F.3d at 1433, the court orders that, within 28 days of this memorandum opinion and order is filed, Horace must file a Rule 7(a) reply that alleges with particularity all material facts that he contends establish a right to recover under § 1983 against Officer Lyles and Sgt. Ray in their individual capacity for the violation of a constitutional or statutory right and why they are not entitled to qualified immunity.  *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

### IV

Officer Lyles and Sgt. Ray also move the court to stay discovery, i.e., limit discovery at the pleading stage to the defense of qualified immunity.  "The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity."  *Schultea*, 47 F.3d at 1434.  Accordingly, pending further court order, the court stays discovery except as it bears upon the defense of qualified immunity.

\* \* \*

For the reasons explained, the court grants the motions to compel a Rule 7(a) reply filed by Officer Lyles and Sgt. Ray.  The court grants the individual defendants' motions to stay discovery and limits discovery to matters pertaining to the defense of qualified immunity, pending further court order.  Horace must file a Rule 7(a) reply as to Officer Lyles

and Sgt. Ray within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

November 1, 2023.

                                                            SIDNEY A. FITZWATER
                                                            SENIOR JUDGE